PER CURIAM.
This case is before the Court for consideration of a referee’s report in a disciplinary proceeding brought by The Florida Bar. We have jurisdiction of bar discipline proceedings. Art. V, § 15, Fla. Const.
The Florida Bar filed a complaint charging professional misconduct. Respondent Arthur J. Corrales filed a conditional guilty plea for a consent judgment. In his conditional guilty plea respondent admitted the charge of personál use of marijuana. The Florida Bar approved the conditional plea and recommended its acceptance, thereby agreeing to the imposition of the discipline set forth in the consent judgment. The referee accepted the guilty plea and recommends the imposition of discipline as agreed by the parties.
The portions of the referee’s report finding the facts and recommending discipline read as follows:
II. Findings of Fact as to Each Item of Misconduct of Which the Respondent is Charged: After considering all the pleadings and evidence before me, I find the respondent has violated The Florida Bar Code of Professional Responsibility in the above-referenced case.
III. Recommendation as to Whether or Not the Respondent Should Be Found Guilty: I find that the respondent be found guilty of the following violations of the Code of Professional Responsibility: That Arthur S. Corrales, has violated the following Disciplinary Rules:
DR 1-102(A)(1) (violation of a Disciplinary Rule);
DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice);
DR 1-202(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law);
Integration Rule 11.02(3)(b) (misconduct constituting a felony or a misdemean- or).
IV. Recommendation as to Disciplinary Measures to be Applied: I recommend that Arthur S. Corrales be disciplined by
a. Suspension from the practice of law for ninety (90) days to commence thirty (30) days after order of The Supreme Court approving this plea agreement.
b. A two (2) year term of probation to begin upon order of The Supreme Court approving this plea agreement. The probationary period to automatically terminate after one (1) year provided that respondent has not violated the special condition of the probation as set forth in this agreement.
c. A special condition of probation that respondent undergo a periodic drug evaluation to determine his use of any illegal narcotic. This evaluation shall be performed bi-monthly for a period of six (6) consecutive months beginning no later than fifteen (15) days subsequent to the first day of the probationary period. The evaluation procedure shall be a routine drug screening to be performed by Smithkline Bio-Science Laboratories of Tampa, Florida. In the event that any periodic drug screening indicates the use by respondent of illegal narcotics during this probationary period, then respondent shall, at his option, be again evaluated by submitting to a second drug screening for the purpose of verifying the results of the first screening. In the event that respondent shall complete the six (6) month special condition period, without a verified indication of his use of illegal narcotics during the probationary period, then this special condition shall cease to be a condition of probation and respondent shall be relieved of any responsibility to continue drug evaluation.
d. Respondent is to pay all costs reasonably associated with these disciplinary proceedings as provided by Rule 11.06(9)(a) of the Integration Rule of The Florida Bar. These costs to be paid within one (1) year from the final order of The Supreme Court approving this plea agreement.
V. Personal History and Past Disciplinary Record: After a finding of guilt and prior to recommending discipline to be recommended pursuant to Rule 11.- *1329 06(9)(a)(4), Rule 3-7.5(K) Rules of Discipline, I considered the following personal history and prior disciplinary record of the respondent to wit:
(1) Age: 34
(2) Date Admitted to Bar: April 3, 1981
(3) Prior Disciplinary Record: None
Neither party seeks review of the referee’s report. We therefore approve the referee’s findings of fact and accept the recommended discipline. Respondent will be suspended from the practice of law for ninety days and placed on probation as provided in the referee’s report. In order that respondent may close his practice in an orderly manner and protect the interest of his clients, the term of suspension shall begin thirty days from the date of filing of this opinion. Respondent shall accept no new legal business upon notice of the filing of this opinion. Respondent must provide notice of this suspension to his clients in the manner required by Rule of Discipline 3-5.1(h) of the Rules Regulating The Florida Bar.
The costs of this proceeding are assessed against respondent. Judgment for costs is entered against Arthur S. Corrales in the amount of $598.17, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.